IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RODOLFO A. CERRITOS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 22-cv-1214-NJR |
| | ) |
| JOHN DOE #1 and JOHN DOE #2, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Rodolfo A. Cerritos, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Jacksonville Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while at Centralia Correctional Center. In the Complaint, Cerritos alleges deliberate indifference to his need for an extraction of his wisdom tooth in violation of the Eighth Amendment.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

1

## The Complaint

In his Complaint, Cerritos makes the following allegations: On August 26, 2021, Cerritos saw John Doe #1 dentist for a toothache (Doc. 1, p. 6). He was provided with Ibuprofen and placed on the extraction list for his left bottom wisdom tooth and the filling list for another tooth. From that date until the time that Cerritos transferred to Jacksonville Correctional Center, in December 2021, he was never called for an extraction. He filed numerous requests and grievances but was only provided with pain medication. This was despite Cerritos's tooth bleeding and breaking over the course of three months (*Id*. at pp. 6-9). On October 20, 2021, Cerritos placed a request to John Doe #2 healthcare administrator asking for help with his dental issues. John Doe #2 responded that he was on the list for extractions and that he should take his medications as directed (*Id*. at p. 7). Cerritos alleges that he ran out of pain medications on numerous occasions. He also suffered from an infection and increasing tooth pain over the course of his time at Centralia, but never saw the dentist for an extraction. He eventually had the tooth extracted in early 2022 (*Id*. at p. 9).

## Discussion

Based on the allegations in the Complaint, the Court designates the following Count:

> **Count 1:** **Eighth Amendment deliberate indifference claim against John Doe #1 Dentist and John Doe #2 Healthcare Administrator for delaying Cerritos's tooth extraction and failing to properly treat his associated pain.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

At this stage, Cerritos states a viable deliberate indifference claim against John Doe #1 and John Doe #2. In order to help Cerritos identify these unknown individuals, the Court **ADDS** Daniel Monti (official capacity only) as a defendant for the sole purpose of responding to discovery aimed at identifying the John Does from Centralia Correctional Center.

## Pending Motions

As to Cerritos's motion for counsel (Doc. 9), he states that he attached several letters he wrote seeking representation from law firms and responses from firms declining to take his case. He also indicates that English is not his first language, and he has access to the law library once a week or every other week due to Covid-19 protocols. Given the early stage of the litigation, however, it is difficult to accurately evaluate the need for the assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

of counsel ... cannot be gauged.").[2] Further, counsel is not needed at this time because Defendants have not yet been served and a discovery schedule has not been entered. Further, discovery will initially be limited to identifying the John Does. This is a simple process and the Court's scheduling order will provide detailed steps for Cerritos to take in order to identify the John Does. Thus, his motion for counsel (Doc. 9) is **DENIED**.

## Disposition

For the reasons stated above, Count 1 shall proceed against John Doe #1 and John Doe #2. In order to help identify the John Doe defendants, Daniel Monti is **ADDED** to the case (in his official capacity only) to respond to discovery aimed at identifying the unknown defendants.

The Clerk of Court shall prepare for Defendant Daniel Monti (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Monti's place of employment. If Monti fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on him, and the Court will require that he pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

---

[2] In evaluating the motion for counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

Because Monti is in the case only to respond to discovery, he need not file a responsive pleading. Once counsel has entered an appearance on his behalf, the Court will enter an Order with specific instructions regarding discovery of the John Does.

If judgment is rendered against Cerritos, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Cerritos is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **seven days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  November 29, 2022**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**